BEILA LITTMAN, Respondent, Appellant, v. BROOKLYN BUS CORPORATION, Defendant, Respondent; DAVID STOLLER, Appellant, Respondent.— Motions for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Johnston, JJ.

EDMUND L. PALMIERI, Appellant, v. HENRY S. DeMOTT and Another, Defendants, and THE NATIONAL CITY BANK OF NEW YORK, Respondent.— Motion for leave to appeal to the Appellate Division granted. Present — Lazansky, P. J., Young, Hagarty and Scudder, JJ.; Carswell, J., not voting.

HENRY VANDERKOOGH, Respondent, v. PRUDENTIAL FARMS OF NASSAU COUNTY, INC., Appellant.— Motion for reargument denied, without costs. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Johnston, JJ.

MARK B. DEWEY, Appellant, v. THOMAS G. WALSH and Another, Respondents. —Action to recover for personal injuries and property damage resulting from a collision between automobiles. Judgment dismissing the complaint and order denying plaintiff's motion for a new trial reversed on the law and a new trial granted, with costs to appellant to abide the event. The trial court dismissed the complaint upon the ground that there was no proof of negligence on the part of the defendants. This court is of the opinion that as to such negligence there was a question of fact that should have been submitted to the jury. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.

JOHN DURANTE, Appellant, v. SLAUGHTER W. HUFF and Another, as Receivers of the Property of the NEW YORK AND QUEENS COUNTY RAILWAY COMPANY, Which Is Subject to the Lien of the Mortgage Made by the STEINWAY RAILWAY COMPANY OF LONG ISLAND to the STATE TRUST COMPANY, as Trustee, Dated April 1, 1892, Respondents.—Action to recover damages for personal injuries sustained by plaintiff when a dilapidated building, in which he was gathering wood for his own use, collapsed and fell upon him. Appeal from order dismissing complaint at the close of plaintiff's case and from the judgment entered thereon. Order and judgment affirmed, with costs. No opinion. Young, Carswell, Tompkins and Johnston, JJ., concur; Lazansky, P. J., dissents and votes for reversal and a new trial, with the following memorandum: The building was in a dilapidated condition and a menace to life and limb. It was defendants' duty to warn even a licensee against the imminent danger. As to plaintiff's knowledge of the danger, there was a question of fact for the jury. The complaint should not have been dismissed.

FOXDEN REALTY CORPORATION, Respondent, v. NATIONAL FIRE INSURANCE COMPANY and Others, Appellants, and NASSAU-SUFFOLK BOND AND MORTGAGE GUARANTEE COMPANY, Defendant.— In an action to recover damages under policies of fire insurance, order denying appellants' motion to compel a reply to the amended answer reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, to the extent of compelling plaintiff to reply to the first, third and partial defenses, the reply to be served within ten days from the entry of the order herein. In our opinion, the court at Special Term improperly exercised its discretion in denying appellants' motion. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.